**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re: ) | |
| ) | |
| RYAN AVERY STEPHENS and ) | Case No. 20-11219-BFK |
| SIDNEY ZOE STEPHENS, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| _____) | |
| ) | |
| KENDI KIOGORA, ) | Adversary Proceeding |
| ) | No. 20-01056-BFK |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RYAN AVERY STEPHENS and ) | |
| SIDNEY ZOE STEPHENS, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER GRANTING IN PART AND**
**DENYING IN PART PLAINTIFF'S**
**MOTION TO VACATE JUDGMENT ORDER**

This matter comes before the Court on the Plaintiff's Motion to Vacate the Court's Order dismissing this adversary proceeding. Docket No. 24. The Defendants filed an Opposition to the Plaintiff's Motion. Docket No. 31. The Court heard the parties' arguments on January 19, 2021. For the reasons stated below, the Court will grant the Plaintiff's Motion in part and will deny the Motion in part.

**Findings of Fact**

The Court makes the following findings of fact, which are not disputed.

1

1. The Debtors, Ryan Avery Stephens and Sidney Zoe Stephens, filed a Voluntary Petition under Chapter 7 with this Court on May 13, 2020. Case No. 20-11219-BFK.

2. The Plaintiff, Kendi Kiogora, timely filed a Complaint to determine the dischargeability of the debt owed to her pursuant to Section 523(a) of the Bankruptcy Code. Adv. Pro. No. 20-01056-BFK, Docket No. 1.[1]

3. Specifically, the Plaintiff claims that the Defendants fraudulently induced her to invest in their company, Kepler Properties, LLC, which purportedly was in the business of purchasing and selling properties in the Chicago area. *Id*. at 3-4.

4. When she filed the original Complaint on August 19, 2020, Ms. Kiogora used the address of 1550 S. Blue Island Avenue, #705, Chicago, IL 60608, as her mailing address. *Id.* at 5.

5. The Defendants filed a Motion to Dismiss the Complaint pursuant to Bankruptcy Rule 7012 (incorporating Fed. R. Civ. P. 12(b)(6). Docket No. 13.

6. On October 21, 2020, after a hearing at which Ms. Kiogora participated by telephone, the Court ruled that it would grant the Motion to Dismiss, but the Court also granted Ms. Kiogora leave to amend the Complaint. Docket No. 16.

7. On November 4, 2020, Ms. Kiogora filed a First Amended Complaint (the "FAC"). Docket No. 18. Ms. Kiogora did not indicate in the FAC that her address had changed. Docket No. 18.

---

[1] The Complaint also included a Count to deny the Debtors their discharge under Section 727 of the Bankruptcy Code. The Court dismissed this Count without leave to amend. Docket No. 16. The Plaintiff does not challenge this ruling in the present Motion.

2

8.	On November 17, 2020, the Defendants filed a Motion to Dismiss the FAC pursuant to Bankruptcy Rule 7012. Docket No. 19. The Defendants used the Blue Island Avenue address for service of the Motion and the Notice of Hearing. Docket Nos. 19, 20.

9.	The Court conducted a hearing on the Defendants' Motion to Dismiss the FAC on December 15, 2020. Ms. Kiogora did not appear at the hearing, which was conducted telephonically. The Court granted the Defendants' Motion to Dismiss the FAC. Docket No. 22.

10.	On December 29, 2020, Ms. Kiogora filed a Motion to Vacate the Order dismissing her FAC. Docket No. 24.

11.	Ms. Kiogora submitted a Change of Address form in this adversary proceeding on December 30, 2020, stating that her new address is 1660 S. Albany Ave., Chicago, IL 60623. Docket No. 26.

12.	At the hearing on her Motion, Ms. Kiogora represented to the Court that she was in the process of moving during the period between October 28 through November 28, 2020. She advised the Court that she submitted a change of address to the Post Office, but that she did not receive the Defendants' Motion to Dismiss the FAC and Notice of Hearing.

**Conclusions of Law**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) ("determinations as to the dischargeability of particular debts").

Bankruptcy Rule 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure. Under Rule 59(e), the courts have recognized three grounds for amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Braunstein v. Pickens*, 406 Fed. Appx. 791, 798 (4th Cir. 2011) *quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *In re Mitrano*, 409 B.R. 812, 819-20 (E.D. Va. 2009). Reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403; *In re Mitrano*, 409 B.R. at 820.

Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60(b), with certain exceptions not relevant here. Rule 60(b)(6) is a catch-all provision, allowing a judgment or order to be set aside for "any other reason that justifies relief." A Rule 60(b) Motion, like a Rule 59 Motion, is "not authorized when it is nothing more than a request for the district court to change its mind." *Myers v. Simpson*, 831 F. Supp. 2d 945, 956 (E.D. Va. 2011) *quoting Lee X v. Casey*, 771 F. Supp. 725, 728 (E.D. Va. 1991).

In this case, the Defendants used the address that the Plaintiff supplied in her original Complaint, and on the FAC's Certificate of Service, for service of their Motion to Dismiss the FAC and their Notice of Hearing. *See* Fed. R. Bankr. P. 7005 (incorporating Fed. R. Civ. P. 5(b)(2)(C), providing that service may be made by "mailing [the papers] to the person's last known address – in which event service is complete upon mailing. . . .") The Defendants did what they were required to do, and it appears that the Plaintiff was not diligent in notifying the

4

Defendants and the Court of her new address. Her change of address form was not filed with the Court until December 30, 2020, after the Court had already granted the Defendants' Motion to Dismiss the FAC. Docket Nos. 22, 26.

On the other hand, it seems draconian to shut the Plaintiff out of court for a fairly minor infraction, particularly where the Plaintiff is proceeding *pro se*. The Court has reviewed the Plaintiff's FAC, the dismissal of which the Plaintiff does not challenge in her Motion other than to say that she did not receive notice of the hearing. The FAC suffers from the defect of lumping the two Defendants together for purposes of the Plaintiff's Section 523(a) claim and not clearly specifying which Defendant made which alleged misrepresentation at issue. *See* FAC, Docket No. 18, at ¶¶ 6 ("Defendants made numerous representations that turned out to be false. . . ."), 7 ("Defendants continued to pressure me into investing in their company by repeating the false representations. . . ."), 8 ("Defendants also falsely represented. . . ."), 14 ("Defendants clearly made misrepresentations. . . .")

In a fraud case, the allegations of fraud must be pled with particularity against each co-defendant. Fed. R. Bankr. P. 7009 (incorporating Fed. R. Civ. P. 9(b). "The matters to be stated with particularity include the 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby." *Metro Mail Services, Inc. v. Pitney Bowes, Inc.*, Civil Action No. 1:16–cv–1416, 2017 WL 1230848, at *6 (E.D. Va. March 31, 2017) *quoting Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). The requirements of Rule 9(b) are not satisfied where co-defendants are "lumped together" without specifying which co-defendant made which alleged

5

misrepresentation. *Hyundai Emigration Corporation v. Empower-Visa, Inc.*, Case No. 1:09cv124(GBL), 2009 WL 10687986, at *3 (E.D. Va. June 17, 2009) ("[Plaintiff] alleges that Defendants filed fraudulent documents, but which Defendants and which documents? Of the four named Defendants, there is no way to determine [which Defendant] performed any of the acts alleged."); *see also Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250 (D. Md. 2000) ("A complaint fails to meet the particularity requirements of Rule 9(b) when a plaintiff asserts merely conclusory allegations of fraud against multiple defendants without identifying each individual defendant's participation in the alleged fraud."); *citing Wiener v. Napoli*, 760 F. Supp. 278, 284 (E.D. N.Y. 1991) ("[I]f multiple defendants are involved in the alleged fraud, it is especially important that the fraud be particularized as to each one of them.")

The Court, therefore, will deny the Plaintiff's Motion to Vacate insofar as it seeks to vacate the Order granting the Defendants' Motion to Dismiss the FAC. The Court, will, however, grant the Plaintiff an opportunity to file a Second Amended Complaint ("SAC"), if she is able to do so in good faith. The SAC, if filed, must be more specific as to which of the Defendants made alleged misrepresentations to the Plaintiff. The Court will grant the Plaintiff 14-days from the entry of this Order to file a SAC. The Defendants are free to test the sufficiency of a SAC, if filed, by another Rule 12(b)(6) Motion. If the Plaintiff does not file a SAC within the said 14-days, then the adversary proceeding will stand as dismissed, and will be closed, subject to any timely appeal filed by the Plaintiff.

**Conclusion**

It is, therefore, **ORDERED**:

A. The Plaintiff's Motion to Vacate is denied insofar as it seeks to vacate the Court's Order dismissing the First Amended Complaint.

B. The Plaintiff's Motion to Vacate is granted in that the Court will grant the Plaintiff leave to file a Second Amended Complaint that identifies which of the Defendants made misrepresentations to the Plaintiff with specificity, within 14 days from the entry of this Order.

C. The Plaintiff is advised that, if she elects not to file a Second Amended Complaint, she has a right to appeal this Order by filing a Notice of Appeal within 14-days from the entry of this Order with the Clerk of the Bankruptcy Court.

D. The Clerk will mail copies of this Order, or will provide cm-ecf notice of its entry, to the parties below.

Date: Feb 3 2021

Alexandria, Virginia

/s/ Brian F Kenney
Brian F. Kenney
United States Bankruptcy Judge
Entered On Docket: February 4, 2021

Copies to:

Kendi Kiogora
1660 S. Albany Avenue,
Chicago, IL 60623
*Pro se Plaintiff*

Ryan Avery Stephens
6462 Gristmill Square Lane
Centreville, VA 20120
*Defendant*

Sidney Zoe Stephens
6462 Gristmill Square Lane
Centreville, VA 20120
*Defendant*

Daniel M. Press, Esquire
6718 Whittier Ave., Suite 200
McLean, VA 22101
*Counsel for Defendants*

7